IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02300-BNB

FREDRICK ABRAM,

    Applicant,

v.

KEVIN MILYARD, and
JOHN W. SUTHERS, Attorney General of the State of Colorado,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 29 2008

GREGORY C. LANGHAM
                     CLERK

ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

Applicant, Fredrick Abram, is a prisoner in the custody of the Colorado Department of Corrections at the Sterling Correctional Facility at Sterling, Colorado. Mr. Abram has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court must construe the application liberally because Mr. Abram is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Abram will be ordered to file an amended application.

The court has reviewed the habeas corpus application and finds that the application is deficient for two reasons. First, Mr. Abram asserts a number of claims that do not appear to challenge the validity of his state court criminal conviction and, therefore, may not be raised in this action. For example, Mr. Abram asserts a claim that the Colorado Court of Appeals violated his constitutional rights by treating his state

court habeas corpus petition as a postconviction motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure. Mr. Abram asserts two other claims in which he alleges that Rule 35(c) of the Colorado Rules of Criminal Procedure and three state court cases obstruct the litigation of habeas corpus proceedings. These claims do not appear to raise a cognizable issue because there is no federal constitutional right to postconviction review in the state courts. *See Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987). A claim of constitutional error that "focuses only on the State's post-conviction remedy and not the judgment which provides the basis for [the applicant's] incarceration . . . states no cognizable federal habeas claim." *Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998); *see also Steele v. Young*, 11 F.3d 1518, 1524 (10th Cir. 1993) (noting that petitioner's challenge to state "post-conviction procedures on their face and as applied to him would fail to state a federal constitutional claim cognizable in a federal habeas proceeding").

In addition, even for the claims that may implicate the validity of his criminal conviction, Mr. Abram fails to assert specific facts in support of the claims to demonstrate that his federal constitutional rights have been violated. Instead, Mr. Abram makes only conclusory allegations that his rights have been violated. Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires that Mr. Abram go beyond notice pleading. *See Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977). He must allege specific facts to support each asserted claim. Naked allegations of constitutional violations are not cognizable under 28 U.S.C. § 2254. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).

Therefore, Mr. Abram will be ordered to file an amended application. He must assert clearly the specific claims he is raising that challenge the validity of his conviction and he must provide specific facts in support of each claim being asserted. Accordingly, it is

ORDERED that Mr. Abram file **within thirty (30) days from the date of this order** an amended habeas corpus application that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Abram, together with a copy of this order, two copies of the following form: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. It is

FURTHER ORDERED that if Mr. Abram fails within the time allowed to file an amended application that complies with this order as directed, the application will be denied and the action will be dismissed without further notice.

DATED October 29, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-02300-BNB

Fredrick Abram
Prisoner No. 43737
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 form** to the above-named individuals on 10/29/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk