IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02300-BNB

FREDRICK ABRAM,
Applicant,

v.

KEVIN MILYARD, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,
Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 0 8 2009

GREGORY C. LANGHAM
CLERK

ORDER DIRECTING APPLICANT TO FILE SECOND AMENDED APPLICATION

Applicant, Fredrick Abram, is a prisoner in the custody of the Colorado Department of Corrections at the Sterling Correctional Facility at Sterling, Colorado. Mr. Abram initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On October 29, 2008, the court ordered Mr. Abram to file an amended application in which he asserts clearly the specific claims he is raising and provides specific facts in support of each asserted claim. On December 24, 2008, Mr. Abram filed an amended habeas corpus application.

The court must construe the amended application liberally because Mr. Abram is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. See *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Abram will be ordered to file a second amended application.

The court has reviewed the amended habeas corpus application and finds that Mr. Abram has failed to comply with the court's October 29 order. Mr. Abram asserts

three claims for relief in the amended application and each of the three claims lists a constitutional provision that allegedly was violated. However, Mr. Abram fails to provide specific factual support for each of the three asserted claims in the amended application. Instead, Mr. Abram refers in each claim to an attachment that includes both factual allegations and legal argument. Construing the attachment liberally, it is fairly clear to the Court which portion of the attachment relates to the Fourth Amendment claim asserted in the amended application. However, it is not clear what specific facts are being asserted in support of the two due process claims in the amended application. Furthermore, Mr. Abram includes in the attachment a discussion of the legal standards for ineffective assistance of counsel even though he does not appear to assert an ineffective assistance of counsel claim in the amended application. Therefore, it still is not clear to the Court what specific claims Mr. Abram is asserting in this action and what specific factual allegations support each asserted claim.

Because it appears that Mr. Abram has made a good-faith effort to comply with the court's October 29 order, he will be given another opportunity to file a pleading that clarifies the specific claims he is asserting in this action. Mr. Abram must assert clearly the specific claims he is raising in this action and he must provide specific facts in support of each claim being asserted. Mr. Abram should make clear which facts are being asserted in support of each claim.

Mr. Abram also is reminded that, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, he must go beyond notice pleading. See *Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977). He must allege specific facts to support each asserted claim. Naked allegations of constitutional

2

violations are not cognizable under 28 U.S.C. § 2254. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam). Accordingly, it is

ORDERED that Mr. Abram file **within thirty (30) days from the date of this order** a second amended habeas corpus application that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Abram, together with a copy of this order, two copies of the following form: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. It is

FURTHER ORDERED that if Mr. Abram fails within the time allowed to file a second amended application that complies with this order as directed, the action will be dismissed without further notice.

DATED January 8, 2009, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-02300-BNB

Fredrick Abram
Prisoner No. 43737
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 form** to the above-named individuals on  1/8/09

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk