IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02300-BNB

FREDRICK ABRAM,
Applicant,

v.

KEVIN MILYARD, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,
Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 12 2009

GREGORY C. LANGHAM
CLERK

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

Applicant Fredrick Abram is in the custody of the Colorado Department of Corrections at the Sterling Correctional Facility in Sterling, Colorado. Mr. Abram initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction and sentence in case number 00CR22 in the District Court for the City and County of Denver, Colorado. On October 29, 2008, Magistrate Judge Boyd N. Boland ordered Mr. Abram to file an amended application to clarify the claims he is asserting in this action. On December 24, 2008, Mr. Abram filed an amended application for a writ of habeas corpus. On January 8, 2009, Magistrate Judge Boland ordered Mr. Abram to file a second amended application because his claims still were not clear. On January 30, 2009, Mr. Abram filed a second amended application for a writ of habeas corpus.

On February 3, 2009, Magistrate Judge Boland ordered Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness

under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in this action. On February 23, 2009, Respondents filed a Pre-Answer Response and an Amended Pre-Answer Response. On March 3, 2009, Mr. Abram filed a reply.

The Court must construe the papers filed by Mr. Abram liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss one of Mr. Abram's claims.

Following a jury trial, Mr. Abram was convicted of attempted first degree murder and second degree assault and he was sentenced to concurrent terms of forty-eight and sixteen years in prison. The judgment of conviction was affirmed on direct appeal. *See People v. Abram*, No. 01CA1110 (Colo. Ct. App. July 10, 2003) (unpublished). On December 22, 2003, the Colorado Supreme Court denied Mr. Abram's petition for writ of certiorari on direct appeal. On April 28, 2004, Mr. Abram filed a postconviction motion for sentence reconsideration that the trial court denied on May 26, 2004. Mr. Abram did not appeal from the denial of the motion for sentence reconsideration.

On September 24, 2004, Mr. Abram filed a petition for writ of habeas corpus that the trial court denied on February 4, 2005. On appeal from the trial court's February 4 order, the Colorado Court of Appeals construed the petition as a postconviction motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure and affirmed the denial of that pleading. *See People v. Abram*, No. 05CA0691 (Colo. Ct. App. Nov. 8,

2007) (unpublished). On March 31, 2008, the Colorado Supreme Court denied Mr. Abram's petition for writ of certiorari in the postconviction appeal proceedings.

Mr. Abram initiated the instant action on October 23, 2008. As noted above, Mr. Abram filed an amended habeas corpus application on December 24, 2008, and a second amended habeas corpus application on January 30, 2009. Mr. Abram asserts three claims for relief in the second amended application. He specifically contends in those three claims that:

(1) His Fourth and Fourteenth Amendment rights were violated by the trial court's failure to suppress evidence obtained from a warrantless entry into his home.

(2) His Sixth and Fourteenth Amendment rights were violated by the admission of evidence of prior bad acts.

(3) His Fifth and Fourteenth Amendment rights were violated because the charging information did not specify that he was being charged with a crime that carries an automatic sentence enhancer.

Respondents concede that Mr. Abram has exhausted state remedies for each of his three claims. However, Respondents argue that this action is barred by the one-year limitation period in § 2244(d). That statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

3

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The Court first must determine the date on which Mr. Abram's conviction became final. Mr. Abram does not allege that he sought review in the United States Supreme Court on direct appeal. However, his conviction was not final until the time for seeking certiorari review in the United States Supreme Court expired. *See Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999). Pursuant to Rule 13 of the Rules of the Supreme Court of the United States, Mr. Abram had ninety days to seek review in the United States Supreme Court after the Colorado Supreme Court denied his petition for writ of certiorari on direct appeal on December 22, 2003. Therefore, the Court finds that the judgment of conviction became final on March 22, 2004.[1]

---

[1] Respondents assert that Mr. Abram's conviction became final on March 24, 2004. However, the ninetieth day after December 22, 2003, was March 21, 2004. Because that date fell on a Sunday, the time for filing a petition for writ of certiorari in the United States Supreme Court extended until March 22, 2004. *See* Sup. Ct. R. 30.

The Court also finds that the one-year limitation period began to run on March 22, 2004, because Mr. Abram does not allege that he was prevented by unconstitutional state action from filing this action sooner, he is not asserting any constitutional rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, and he knew or could have discovered the factual predicate for his claims at the time his conviction became final. The one-year limitation period then ran for thirty-six days until April 28, 2004, when Mr. Abram filed his postconviction motion for sentence reconsideration. Pursuant to § 2244(d)(2), the one-year limitation period is tolled while a properly filed postconviction motion is pending in state court.

Mr. Abram's postconviction motion for sentence reconsideration was denied by the trial court on May 26, 2004. However, pursuant to *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000), the postconviction motion remained pending until the time for filing an appeal from the trial court's May 26, 2004, order expired. Pursuant to Rule 4(b) of the Colorado Appellate Rules, Mr. Abram had forty-five days to file a notice of appeal from the trial court's May 26, 2004, order, or until July 12, 2004.[2] Therefore, the Court finds that Mr. Abram's postconviction motion for sentence reconsideration tolled the one-year limitation period from April 28, 2004, through July 12, 2004.

The one-year limitation period then ran for seventy-three days until it was tolled again when Mr. Abram filed his state court habeas corpus petition on September 24,

---

[2]Respondents assert that the time for filing an appeal from the denial of Mr. Abram's postconviction motion for sentence reconsideration expired on July 11, 2004. However, the forty-fifth day after May 26, 2004, was July 10, 2004. Because that date fell on a Saturday, the time for filing an appeal from the trial court's May 26, 2004, order extended until July 12, 2004. *See* C.A.R. 26(a).

5

2004. The proceedings relevant to the state court habeas corpus petition, which was construed as a postconviction Rule 35(c) motion by the Colorado Court of Appeals, were pending in the state courts until March 31, 2008, when the Colorado Supreme Court denied Mr. Abram's petition for writ of certiorari. The one-year limitation period then ran for 205 days until October 23, 2008, when Mr. Abram filed his original habeas corpus application in this Court.

Based on these calculations, the Court finds that a total of 314 days counted against the one-year limitation period before the instant action was filed on October 23, 2008. This total includes the thirty-six days between March 22, 2004, and April 28, 2004; the seventy-three days between July 12, 2004, and September 24, 2004; and the 205 days between March 31, 2008, and October 23, 2008. If the instant action had not been filed on October 23, 2008, the one-year limitation period would have expired on December 12, 2008.

According to Respondents, the instant action is untimely because Mr. Abram did not file his second amended application until January 30, 2009, after the one-year limitation period already had expired in December 2008. Mr. Abram apparently argues in his reply that this action is timely because he filed a previous action seeking habeas corpus relief in January 2008, well before the one-year limitation period expired. **See Abram v. Milyard**, No. 08-cv-00169-ZLW (D. Colo. Mar. 7), **appeal dismissed**, 295 F. App'x 286 (10th Cir. Oct. 1, 2008). However, the fact that Mr. Abram filed a prior, timely application for a writ of habeas corpus in a separate action is not relevant to whether his claims in the instant action are timely. Furthermore, Mr. Abram's prior federal

habeas corpus action did not toll the one-year limitation period pursuant to § 2244(d)(2) because the statutory tolling provision in § 2244(d)(2) applies only to state proceedings. *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

Of course, the fact that Mr. Abram's initial application for a writ of habeas corpus in this action was filed prior to the expiration of the one-year limitation period may be relevant to whether his claims in the second amended application also are timely. Although the parties do not address the issue of whether Mr. Abram's claims in the second amended application relate back to the timely-filed original application for a writ of habeas corpus, the Court finds it appropriate to consider that issue.

Mr. Abram may amend the habeas corpus application, even after the expiration of the one-year limitation period, as long as the amended claims relate back to the timely-filed claims. *See Mayle v. Felix*, 545 U.S. 644 (2005). In order to relate back, the timely claims and the amended claims must be "tied to a common core of operative facts." *Id.* at 664. It is not enough that the amended claims merely relate to the same trial, conviction, or sentence. *Id.* at 656-64.

The Court has reviewed Mr. Abram's original habeas corpus application filed on October 23, 2008, and finds that Mr. Abram raised in the original application a claim that his Fourth Amendment rights were violated based on the warrantless search of his home. Mr. Abram also raised in his original application a claim that his Fourth, Fifth, and Fourteenth Amendment rights were violated by the misapplication of state court cases that allowed for the introduction of evidence of prior bad acts. Although the claims are raised more clearly in the second amended application, the Court finds that

Mr. Abram's first and second claims for relief, in which he challenges the warrantless entry and the admission of prior bad acts, are tied to a common core of operative facts with two of the claims he raised in the original application. Therefore, the Court finds that Mr. Abram's first and second claims for relief in the second amended application are timely because they relate back to the timely-filed original application.

Mr. Abram's third claim for relief in the second amended application is not tied to a common core of operative facts with any claim raised in his original application. Although Mr. Abram did raise his third claim in his first amended application, the first amended application was not filed until December 24, 2008, and is not timely. Therefore, the Court finds that Mr. Abram's third claim for relief is barred by the one-year limitation period and must be dismissed.

In summary, Respondents concede that Mr. Abram has exhausted state remedies for each of the three claims raised in the second amended application for a writ of habeas corpus filed on January 30, 2009. The Court finds that Mr. Abram's first and second claims for relief are not barred by the one-year limitation period, but his third claim in the second amended application is time-barred and must be dismissed. Therefore, upon completion of the Court's review pursuant to D.C.COLO.LCivR 8.2C, the case will be drawn to a district judge and to a magistrate judge. *See* D.C.COLO.LCivR 8.2D. Accordingly, it is

ORDERED that the third claim for relief in the second amended application for a writ of habeas corpus filed in this action on January 30, 2009, is barred by the one-year limitation period in 28 U.S.C. § 2244(d) and is dismissed. It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this 11 day of March, 2009.

BY THE COURT:

*[signature: Zita Weinshienk]*

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-02300-BNB

Fredrick Abram
Prisoner No. 43737
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

Christopher Y. Bosch
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 3/12/09

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk