IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 08-cv-02300-WYD-BNB

FREDRICK ABRAM,

      Applicant,

v.

KEVIN MILYARD, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

---

**ORDER OF DISMISSAL**

---

I.     INTRODUCTION:

Applicant Fredrick Abram, currently incarcerated in the Sterling Correctional Facility in Sterling, Colorado, initiated this action on October 23, 2008 with the filing of his *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

During the Court's initial review of this habeas corpus action, United States Magistrate Judge Boyd N. Boland ordered Mr. Abram to file an Amended Application, which he filed on December 24, 2008. Magistrate Judge Boland then ordered Mr. Abram to file a Second Amended Application and to assert clearly the specific claims he is raising and provides specific facts in support of each asserted claim. Mr. Abram filed a Second Amended Application on January 30, 2009, asserting three separate claims.

On March 12, 2009, Senior Judge Zita L. Weinshienk entered an order dismissing Mr. Abram's third claim as time-barred by the one-year limitation period set

forth in 28 U.S.C. § 2244(d), and directing that Mr. Abram's first and second claims be drawn to a district judge. The case was drawn to me.

On March 25, 2009, I directed Respondents to file an answer to the habeas corpus application. Respondents filed an Answer on April 13, 2009, and Mr. Abram filed a Reply on April 22, 2009. On February 11, 2010, I ordered Respondents to provide the state court record of Applicant's criminal cases, and the state court record was submitted to the court on February 23, 2010.

On May 6, 2010, Mr. Abram requested copies of the state court record. That motion will be denied. The record was provided by Respondent pursuant to Rule 5(c) of the Federal Rules Governing Section 2254 Cases in the United States District Courts to assist the court in reviewing the merits of Mr. Abram's claims and will be returned to the district court at the conclusion of this case. There is no mechanism in the Federal Rules for this Court to provide the record to an Applicant in a 2254 habeas case.

I must construe the Second Amended Application and other papers filed by Mr. Abram liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, I should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. After reviewing the entire file and the state court record, I find that an evidentiary hearing is not necessary. For the reasons stated below, Mr. Abram's remaining two claims and the action will be dismissed.

II. **FACTUAL AND PROCEDURAL BACKGROUND**:

Mr. Abram was charged and convicted by a Denver District Court jury of second degree assault and attempted first-degree murder of his common law wife. The charges stemmed from an incident which occurred on October 29, 1999. According to the Colorado Court of Appeals:

> [On October 28, 1999] [t]he victim, defendant's common law wife, told her co-workers that defendant had threatened to kill her and that she was afraid to go home. When the victim did not arrive to work the following day, her coworkers telephoned the police, who ultimately forced entry into the parties' home. They found defendant and the victim, who had been severely beaten.

*See People v. Abram*, No. 01CA1110, p. 1 (Colo. Ct. App. July 10, 2003) (not selected for publication); Trial Court Record ("R."), Vol. 1, p. 174. On May 2, 2001, the trial court sentenced Mr. Abrams to concurrent prison terms of sixteen and forty-eight years. On direct appeal, the Colorado Court of Appeals affirmed the judgment of conviction. *See* R., Vol. 1, p. 184. The Colorado Supreme Court denied Mr. Abram's petition for writ of certiorari on December 22, 2003. *See People v. Abram*, No. 03SC637; R., Vol. 1, p. 185. Mr. Abram filed a motion for sentence reconsideration on April 28, 2004, which the trial court denied on May 26, 2004. On September 24, 2004, Application filed a *pro se* "petition for writ of habeas corpus," which the trial court denied on February 4, 2005. Mr. Abram appealed this denial and the Colorado Court of Appeals denied his appeal, construing it as a request for relief pursuant to Crim. P. 35. Mr. Abram then filed a petition for writ of certiorari, which the Colorado Supreme Court denied on March 31, 2008.

III. STANDARD OF REVIEW:

Title 28 U.S.C. § 2254(d) provides that a writ of habeas corpus may not be issued with respect to any claim that was adjudicated on the merits in state court unless the state court adjudication:

>   (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>   (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision is contrary to clearly established federal law when it contradicts prior Supreme Court precedent and arrives at a conclusion that is "diametrically different" from that precedent. *See Williams v. Taylor*, 529 U.S. 362, 406 (2000). A decision involves an unreasonable application when it utilizes the correct legal principle but reaches an "objectively unreasonable" outcome based on the facts at issue. *Williams*, 529 U.S. at 409.

In addition, claims of factual error are reviewed pursuant to 28 U.S.C. § 2254(d)(2). *See Romano v. Gibson*, 278 F.3d 1145, 1154 n.4 (10th Cir. 2002). Section 2254(d)(2) allows me to grant a writ of habeas corpus only if the state court decision was based on an unreasonable determination of the facts in light of the evidence presented. Pursuant to § 2254(e)(1), I must presume that the state court's factual determinations are correct and Mr. Abram bears the burden of rebutting the presumption by clear and convincing evidence. "The standard is demanding but not

insatiable . . . [because] '[d]eference does not by definition preclude relief.'" *Miller-El v. Dretke*, 545 U.S. 231, 240 (2005) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003)).

Finally, I "owe deference to the state court's *result*, even if its reasoning is not expressly stated." *Aycox v. Lytle*, 196 F.3d 1174, 1177 (10th Cir. 1999). Therefore, I "must uphold the state court's summary decision unless [my] independent review of the record and pertinent federal law persuades [me] that its result contravenes or unreasonably applies clearly established federal law, or is based on an unreasonable determination of the facts in light of the evidence presented." *Id*. at 1178. "[T]his 'independent review' should be distinguished from a full de novo review of the petitioner's claims." *Id*.

IV. MERITS OF THE CLAIMS:

Mr. Abram's first and second claims for relief, as set forth in his Second Amended Application, have not been dismissed and shall be reviewed on the merits. In his first claim, Mr. Abram alleges that his Fourth and Fourteenth Amendment rights were violated by the trial court's failure to suppress evidence obtained from a warrantless entry into his home. In his second claim he alleges that his Sixth and Fourteenth Amendment rights were violated by the admission of evidence of prior bad acts.

 A. First Claim - Warrantless Entry:

In Mr. Abram's first claim for relief, he asserts that his Fourth and Fourteenth Amendment rights were violated by the trial court's failure to suppress evidence

obtained from a warrantless entry into his home.

The Fourth Amendment protects against unreasonable searches and seizure and is generally enforced through the exclusionary rule. *See, e.g., Illinois v. Gates*, 462 U.S. 213, 254 (1983); *Stone v. Powell*, 428 U.S. 465, 482-87 (1976). "The purpose of the exclusionary rule is not to redress the injury to the . . . victim . . .. Instead, the rule's prime purpose is to deter future unlawful police conduct and thereby effectuate the guarantee of the Fourth Amendment against unreasonable searches and seizures." *United States v. Calandra*, 414 U.S. 338, 347 (1974). Although habeas review is generally available for most constitutional violations, the Supreme Court has made an exception for Fourth Amendment claims due to the nature of the violation and remedy. *See Stone*, 428 U.S. at 494-95. In *Stone*, the Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Id.* at 494. This limitation on federal habeas corpus review is grounded on the determination that the purposes behind the exclusionary rule do not require that it be applied during federal habeas review. *Id.*

Although the Supreme Court has not set forth a precise meaning of the phrase "full and fair litigation," the Tenth Circuit has determined that it

> includes, but is not limited to, the procedural opportunity to raise or otherwise present a Fourth Amendment claim. It also includes the full and fair evidentiary hearing contemplated by *Townsend [v. Sain*, 372 U.S. 293 (19630]. Furthermore, it contemplates recognition and at least

> colorable application of the correct Fourth Amendment constitutional standards. Thus, a federal court is not precluded from considering Fourth Amendment claims in habeas corpus proceedings where the state court wilfully refuses to apply the correct and controlling constitutional standards.

*Gamble v. Oklahoma*, 583 F.2d 1161, 1165 (10th Cir. 1978).

Here, Mr. Abram does not deny that he filed a motion to suppress evidence obtained as a result of the warrantless entry, nor does he deny that the trial court held a hearing on the motion to suppress on June 14, 2000, when the trial court issued its ruling. *See* State Trial Court Transcript ("Tr. Trans."); Vol. 2, pp. 94-98. In addition, Mr. Abram challenged the trial court's ruling on the motion to suppress in his direct appeal to the Colorado Court of Appeal. *See* R., Vol 1, pp. 174-78. Mr. Abram also raised the issue of the warrantless entry during his postconviction proceedings. *See* R., Vol. 1, pp. 233-34.

In his Application, Mr. Abram does not assert that proceedings before the trial court were not "full and fair," nor does he appear to assert that the incorrect legal standard was applied to his claim. Instead he discusses why he believes the outcome of these proceedings was erroneous and presents various disagreements with the rulings of the state courts. *Gamble*, 583 F.2d at 1161.

Upon review of the record, I find that Mr. Abram was afforded a full and fair opportunity to present his Fourth Amendment claim. In addition, I find that the trial court and the Court of Appelas applied the correct legal standard when evaluating this claim. While the Colorado state courts looked to state case law in making their decisions on

Mr. Abram's allegations, the rulings in the state cases which were cited are solidly based in Fourth Amendment precedent as set forth by the United States Supreme Court. Under this precedent, the Colorado Court of Appeals determined that the warrantless search of Mr. Abram's home was justified pursuant to the emergency aid exception set forth in *People v. Hebert*, 46 P.3d 473 (Colo. 2002), and that it was not unreasonable under the circumstances for the police to go through the fence gate to try the back door after there was no response to their knock at the front door of the house.

Mr. Abram does not assert, nor is it apparent from the record, that the trial court or the Colorado Court of Appeals failed to recognize or willfully refused to apply the correct and controlling constitutional standards. Mr. Abram disagrees with the result and would like this Court to reconsider the Fourth Amendment issue anew. However, pursuant to *Stone*, 428 U.S. at 494, Mr. Abram is not entitled to seek federal habeas review of the legitimacy of the trial or appellate courts' determination that the warrantless search of his home was justified under the emergency aid exception. Accordingly, I find Mr. Abram's first claim must be dismissed.

B. Second Claim - Admission of Prior Bad Acts

In his second claim, Mr. Abram asserts that his Sixth and Fourteenth Amendment rights were violated by the admission of evidence of prior bad acts during trial. Prior to trial, the prosecution filed a Notice of Intent to Present Evidence of Other Acts or Transactions of Domestic Violence. *See* R., Vol. 1, pp. 13-16. The prior bad acts were the following: (1) two occasions when defendant attempted to contact the victim in violation of a restraining order; (2) an incident when defendant drove his car at the

victim and then slammed on his brakes; (3) prior beatings by defendant that the victim had reported to a coworker; and (4) evidence that, shortly before the beating that led to the charges, defendant had forced the victim to drive him around in an effort to find cocaine.

A hearing on the admissibility of the evidence was held on June 14, 2000. *See* Tr. Trans., Vol 2.  The prosecution argued that the evidence was admissible pursuant to C.R.S. § 18-6-801.5(3) as evidence of other similar domestic violence transactions, and under Colo. R. Evid. 404(b) to show identity, intent, knowledge, opportunity, preparation.  The prosecution also asserted that the evidence was admissible as part of the overall criminal transaction pursuant to *People v. Workman*, 885 P.2d 298 (Colo. App. 1994),  and to rebut possible defenses.  As to the first three incidents, the the trial court ruled that the evidence was admissible under C.R.S. § 18-6-801.5(3) and Rule 404(b), provided the prosecution could establish sufficient foundation and sufficient evidence that the acts occurred as set forth in its offer of proof.  *See* Tr. Trans., Vol 2, pp. 21-26.  As to testimony regarding prior beatings, the trial court ruled that the evidence would be admissible as impeachment evidence, depending on how the victim testified at trial.  *Id.* at 27.  Finally, the trial court determined that evidence regarding defendant's alleged search for cocaine was admissible as part and parcel of the motivation for the crime and to show motive and intent.  *Id.* at 31.

On direct appeal, Mr. Abram asserted that the evidence was not admissible under *People v. Spoto*, 795 P.2d 1314 (Colo. 1990) and *People v. Garner*, 806 P.2d 366 (Colo. 1991); that the trial court did not find by a preponderance of the evidence

that the prior incidents occurred; and that certain of the incidents were susceptible of varying interpretation and were not necessarily indicative of malice. The Colorado Court of Appeals rejected these arguments and found as follows: "Having reviewed the record, we conclude that the evidence was sufficient to permit the trial court to find that the prior incidents in fact occurred, that they could reasonably be deemed threats and not simply innocent acts, and that the remaining *Spoto/Garner* requirements for admissibility were satisfied." *See* R., Vol. 1, pp. 179-182.

"As a general matter, federal habeas corpus relief does not lie to review state law questions about the admissibility of evidence . . .." *Moore v. Marr,* 254 F.3d 1235, 1246 (10th Cir. 2001). State court evidentiary rulings are subject to considerable deference and a federal court "may not provide habeas relief ... unless [those rulings] rendered the trial so fundamentally unfair that a denial of constitutional rights results." *Duckett v. Mullin,* 306 F.3d 982, 999 (10th Cir. 2002) (internal quotations omitted). Absent a showing that the admission of evidence violated a specific constitutional right, the federal habeas court will not disturb the state court's evidentiary ruling unless it was "so grossly prejudicial that it fatally infected the trial and denied the fundamental fairness that is the essence of due process." *Fox v. Ward,* 200 F.3d 1286, 1296 (10th Cir. 2000) (quoting *Williamson v. Ward,* 110 F.3d 1508, 1522 (10th Cir. 1997)).

A federal habeas court "will not disturb a state court's admission of prior crimes, wrongs or acts unless the probative value of such evidence is so greatly outweighed by the prejudice flowing from its admission that the admission denied defendant due process of law." *Hopkinson v. Shillinger,* 866 F.2d 1185, 1197 (10th Cir.1989),

*overruled on other grounds by Sawyer v. Smith,* 497 U.S. 227 (1990). The Supreme Court has never held that the admission of prior acts evidence violates due process. *See Estelle v. McGuire,* 502 U.S. 62, 75 (1991) (declining to hold that admission of prior-injury evidence violated due process); *Spencer v. Texas,* 385 U.S. 554, 563-64 (1967) (rejecting argument that due process requires exclusion of prejudicial evidence, e.g, prior convictions).

Here, Mr. Abram has not demonstrated that the admission of the evidence of prior bad acts evidence violated a specific constitutional right. Moreover, the record reflects that neither the trial court's decision on admissibility nor the Colorado Court of Appeals' decision were contrary to federal law or objectively unreasonable in light of the evidence presented in the state court proceedings. Finally, upon review of the record, I find that the probative value of the evidence was not so greatly outweighed by any prejudice flowing from its admission that the admission denied Mr. Abram due process of law. I find that admission of the prior acts evidence did not render Mr. Abram's trial fundamentally unfair. Therefore, Mr. Abram's is not entitled to federal habeas relief as to his second claim.

V.  CONCLUSION:

Accordingly, for the reasons set forth herein, it is hereby

ORDERED that Applicant Fredrick Abram's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 is **DENIED** and the action is **DISMISSED WITH PREJUDICE**. It is

FURTHER ORDERED that Applicant's Request for Copies of State Court

Records Ordered by Chief Judge Wiley Y. Daniel on 2-11-2010, filed May 6, 2010 [#26]

is **DENIED**. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right. The denial of a certificate of appealability is appropriate in this case.

Dated: July 6, 2010

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge